LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

JESUS MIZQUIRI,
*on behalf of himself,
FLSA Collective Plaintiffs
and the Class,*

               Plaintiff,

   v.

PIZZA BY CERTE, LLC

               Defendant.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demand

Plaintiff, JESUS MIZQUIRI, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, PIZZA BY CERTE, LLC and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid compensation due to time shaving (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid compensation due to time shaving, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JESUS MIZQUIRI, for all relevant time periods, was a resident of New York County, New York.

6. PIZZA BY CERTE, LLC is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 20 West 55th Street, New York, New York 10019 and an address for service of process at 132 East 56th Street, New York, New York, 10022

7. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wage due to time shaving and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

14. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

15. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to provide proper wage notice and wage statements to employees. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

    b) At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay the Class members for their work;

    c) whether Defendant failed to keep true and accurate time records for all hours worked by the Class Members;

    d) whether Defendant failed to pay Class members compensation for all of the hours they worked;

    e) whether Defendant caused Class members to work off-the-clock in violation of applicable New York Labor Laws;

    f) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members properly;

    g) Whether Defendant properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

    h) Whether Defendant provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

    i) Whether Defendant provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

    j) Whether Defendant properly compensated Plaintiff and Class members for overtime under state and federal law.

## STATEMENT OF FACTS

20. In or about January 15, 2015, Plaintiff, JESUS MIZQUIRI was hired by Defendant to work as a driver for their catering service "Certe" delivering food for events. As of the day of this complaint, Plaintiff, is still employed with the Defendant.

21. During the employment of the Plaintiff, he regularly worked over forty (40) hours per week. Plaintiff's schedule varied depending on the amount of orders catering service obtained for the day. On average Plaintiff was working 70 hours per week and was never compensated at the overtime premium for the hours he worked in excess of 40 hours a week.

22. Throughout his employment Plaintiff was paid $13/hr. for all hours worked. Defendant has failed to provide Plaintiff with any paystubs. Plaintiff was not paid for the overtime worked in accordance with the provisions of the Fair Labor Standards Act and New York Labor Law ("NYLL")

23. Defendant, required Plaintiff JESUS MIZQUIRI to pick up the car at the parking lot at Pier 59 and drive it back to the parking lot at the end of the work day on a day to day basis. However, Plaintiff was never compensated for those extra 3 hours a day that it took him to pick up and drop off the car.

24. Other non-exempt employees worked similar hours, were provided similar compensation, and were similarly not provided any paystubs.

25. Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendant never paid them at the required overtime premium rate.

26. Defendant unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

27. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage notices or wage statements as required by NYLL. Defendant failed to provide Plaintiff and Class members with paystubs to reflect their hours worked or hourly rate.

28. Defendants unlawfully failed to compensate Plaintiff, the FLSA Collective Plaintiffs, and members for the 3 hours that were cut down due to the time shaving policy employed by the Defendants.

29. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS**

30. Plaintiff realleges and reavers Paragraphs 1 through 29 of this class and collective action Complaint as if fully set forth herein.

31. At all relevant times, Defendant was and continue to be employer engaged in

interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

32. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

33. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

34. At all relevant times, the Defendant engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

35. At all relevant times Defendant was engaged in the practice of time shaving, cutting failing to compensate Plaintiff and FLSA Collective Plaintiffs for up to 3 hours/day of time worked.

36. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendant. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

38. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid compensation due to time shaving plus an equal amount as liquidated damages.

40. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this class and collective action Complaint as if fully set forth herein.

42. At all relevant times, Plaintiff and Class members were employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651. Defendant willfully violated Plaintiffs' and Class members' rights by failing to pay them compensation for all of the hours they worked.

43. Defendant willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44. Defendant failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

45. Defendant failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

46. Defendant failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

47. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendant their unpaid overtime, unpaid compensation due to time shaving, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. an award of liquidated damages as a result of Defendant's willful failure to pay compensation due to time shaving and overtime premium, pursuant to the New York Labor Law;

e. An award of statutory penalties as a result of Defendant's failure to comply with New York Labor Law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation pursuant to the New York Labor Law;

h.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to F.R.C.P. 23;

k.  Designation of Plaintiff as Representative of Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 4, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:  */s/ C.K. Lee*
C.K. Lee, Esq. (CL 4086)